JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTINA M. O'NEIL

## DEFENDANTS

BB&T BANK a/k/a Branch Banking & Trust Co

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Winston-Salem NC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esq., 815 Greenwood Ave., Ste. 22, Jenkintown, PA 19046; (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12101

Brief description of cause:
Employment discrimination under the ADA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
10/12/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _1832 HORACE AVENUE, ABINGTON, PA 19001_

Address of Defendant: _200 WEST SECOND STREET, WINSTON-SALEM, NC 27101_

Place of Accident, Incident or Transaction: _BUCKS COUNTY + MONTGOMERY COUNTY, PA (DOYLESTOWN + JENKINTOWN)_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/12/20_      _(Attorney sign here)_      _60643_
                       Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify):* _42 USC 12101 (ADA)_

**B.  Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _MARC A. WEINBERG_ , counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _10/12/20_      _(Sign here if applicable)_      _60643_
                       Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CHRISTINA O'NEIL | : | CIVIL ACTION |
| v. | : | |
| BB+T BANK | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 10/12/20 | _(signature)_ | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 576-0100 | (215) 576-6288 | MWEINBERG@SAPPWEIN.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA M. O'NEIL<br>1832 Horace Avenue<br>Abington, PA 19001<br>　　　　　　**Plaintiff,**<br><br>v.<br><br>BB&T BANK a/k/a BRANCH<br>BANKING & TRUST CO.<br>200 West Second Street<br>Winston-Salem, NC 27101<br><br>　　　　　　**Defendant** | :    **CIVIL ACTION COMPLAINT**<br>:<br>:<br>:<br>:<br>:    **NO.:**<br>:<br>:<br>:    **JURY TRIAL DEMANDED**<br>:<br>:<br>: |

## I.    PRELIMINARY STATEMENT

1.      Plaintiff, Christina M. O'Neil  (hereinafter "Plaintiff") brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (hereinafter "ADA"), for disability discrimination, the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*. and applicable Pennsylvania common law.  Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendant for Defendant's discriminatory practices and other tortuous actions.

## III.    THE PARTIES

2.      Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3.      Upon information and belief, Defendant, BB&T Bank a/k/a Branch Banking and Trust, Co., (hereinafter "BB&T") is a corporation that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania.

4.      At all times material hereto, BB&T acted individually, and/or through its agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in BB&T's business and acting within the scope of their agency, servitude and/or employment on behalf of BB&T.

5.      At all times material hereto, the conduct of BB&T as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania and the Counties of Bucks and Montgomery.

## II.   JURISDICTION AND VENUE

6.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

8.      At all times material hereto, BB&T was "engaged in an industry affecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

9.      At all times material hereto, BB&T employed more than fifty (50) employees.

10.     At all times material hereto, BB&T was an "employer" as defined by the ADA, 42 U.S.C. §12101, *et seq.*

11.     At all times material hereto, BB&T was an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.*

12.     At all times material hereto, Plaintiff was supervised by Christopher T. Everett (hereinafter "Everett").

13.     At all times material hereto, Plaintiff was supervised by Steve McAlan (hereinafter "McAlan").

14.     At all times material hereto, Everett and McAlan aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

15.     Plaintiff has complied with all jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on August 3, 2020 (Exhibit "A").

IV.   **FACTUAL BACKGROUND**

16.     In or about February, 2007, Plaintiff was hired by the Defendant as a bank teller.

17.     Upon information and belief, until May, 2019, Plaintiff worked at a BB&T Branch located at 152 N. Main Street, Doylestown, PA 18901.

18.     Plaintiff suffers from Persistent Depressive Disorder and Generalized Anxiety.

19.     Persistent Depressive Disorder and Generalized Anxiety are disabilities.

20.     Plaintiff has suffered from these illnesses since at least June, 2018.

21.     In 2018, Plaintiff received Family Medical Leave Act leave related to her disabilities.

22.     Plaintiff requested an accommodation from the Defendants, as flare-ups of Plaintiff's anxiety and depression impaired her ability to concentrate at work, and intensified the Plaintiff's feelings of stress, further exacerbating her disabilities.

23.     Upon information and belief, Everett knew about the Plaintiff's medical condition as well as Plaintiff's need for an accommodation.

24.     Upon information and belief, in or about May, 2019, Everett forced Plaintiff to transfer to a BB&T branch located at 180 Old York Road, Jenkintown, PA 19046.

25.     Plaintiff indicated to Everett that she was not comfortable with being transferred, and was particularly concerned with transferring to the BB&T Jenkintown branch, as that branch was known to have a hostile work environment.

26.     Plaintiff was informed by Defendant that she had no alternative but to transfer to the Jenkintown BB&T branch, despite openings existing at two (2) other BB&T branches in the area.

27.     Upon her transfer to the BB&T Jenkintown branch, Plaintiff was supervised by McAlan, who, upon information and belief created a hostile work environment which caused flare-ups of Plaintiff's anxiety and depression.

28.     McAlan would verbally accost the Plaintiff, and Plaintiff felt threatened by McAlan's behavior.

29.     Upon information and belief, McAlan was aware of Plaintiff's disability.

30.     Often, McAlan's behavior would cause plaintiff to become nervous, anxious and stressed, causing Plaintiff to cry.

31.     When McAlan's behavior caused an exacerbation of Plaintiff's disability, McAlan simply told the Plaintiff to "stop crying."

32.     At no time did Defendant take any steps to accommodate Plaintiff's disabilities.

33.     On or about June 11, 2019, Plaintiff was forced to resign her position with Defendant.

34.     Plaintiff's forced resignation was a constructive discharge.

35.     Throughout Plaintiff's employment, Plaintiff was subjected to a hostile work environment on a daily basis by her supervisors because of her disability.

36.     Throughout Plaintiff's employment, the hostile work environment that Plaintiff was subjected to caused Plaintiff's medical condition to become aggravated and exacerbated.

37.     At all times material hereto, Plaintiff was able to work in her position of Head Teller.

38.     At all times material hereto, Plaintiff was qualified for the position of Head Teller.

39.     At all times material hereto, Plaintiff was performing satisfactorily in her position as Head Teller.

40.     At all times material hereto, Plaintiff was able to perform the essential functions of her job as a Head Teller with or without taking intermittent FMLA leave and/or a reasonable accommodation.

41.     Upon information and belief, Defendant had a continuing need for the work that Plaintiff had been performing.

42.     The reasonable accommodation requested by Plaintiff would not unduly burden BB&T and would not cause BB&T undue hardship.

43.     At all times material hereto, Plaintiff was an individual with a disability as defined by the ADA, 42 U.S.C. §12101, *et seq.*

44.     At all times material hereto, Plaintiff is an individual with a disability who, with or without reasonable accommodation, could perform the essential functions of her job as a Head Teller.

45.     At all times material hereto, Plaintiff's impairments substantially limited her major life activities.

46.     At all times material hereto, Plaintiff had a record of impairments that substantially limited her major life activities.

47.     At all times material hereto, Plaintiff was regarded as having impairments that substantially limited her major life activities.

48.     At all times material hereto, Plaintiff was subjected to severe and pervasive harassment because of her disability.

49.     At all times material hereto, Plaintiff subjectively and reasonably perceived the environment to be abusive.

50.     At all times material hereto, the aforesaid harassment was unwelcome.

51.     At all times material hereto, Defendant knew of the alleged harassment but failed to take measures to remedy said harassment.

52.     At no time did Defendant, or any of the principles, supervisors, managers, officers, directors or agents of BB&T, institute an effective grievance procedure designed to eliminate the discrimination, hostile work environment, harassment, retaliation, interference with exercising rights under the ADA, and discrimination for exercising rights under the ADA and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed, Defendants failed to follow and/or enforce any of the requirements of said policy.

53.     As a direct and proximate cause of the acts and omissions set forth herein, Plaintiff was constructively discharged from her employment to her great financial detriment; was caused pain and suffering and loss of enjoyment of life, suffered severe emotional distress, embarrassment, humiliation and depression, and suffered exacerbation and/or aggravation of her disability.

54.   At all times material hereto, BB&T had a continued need for the work that Plaintiff had been performing.

## COUNT I
## CHRISTINA M. O'NEIL V. BB&T BANK a/k/a BRANCH BANKING AND TRUST CO. VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

55.   Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

56.   Plaintiff was a member of the class of persons entitled to protection from unlawful discriminatory acts, hostile work environment, harassment, retaliation, and termination pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, because of Plaintiff's serious medical condition and/or disability as set forth above.

57.   At all times material hereto, Defendant was aware of Plaintiff's medical condition and/or disability.

58.   At all times material hereto, Plaintiff was qualified for the position of Head Teller.

59.   At all times material hereto, Plaintiff was performing her job satisfactorily.

60.   Defendant discriminated against Plaintiff because of her medical conditions and/or disability by subjecting Plaintiff to a hostile work environment, harassment, retaliation and termination because of her medical condition and/or disability.

61.   Defendant discriminated against Plaintiff because of her medical conditions and/or disability by refusing to consider and/or provide Plaintiff with a reasonable accommodation despite Plaintiff's repeated requests for a reasonable accommodation.

62.   At all times material hereto, the aforementioned harassment was unwelcome.

63. At all times material hereto, the aforementioned harassment was severe and pervasive.

64. At all times material hereto, the aforementioned harassment unreasonably altered the condition of Plaintiff's employment and created a hostile work environment.

65. Plaintiff's constructive discharge was causally related to her medical conditions and/or disability as she was subjected to a hostile work environment, harassment, retaliation and termination because of her medical conditions and/or disability.

66. Defendant failed to use reasonable care to prevent and promptly correct the harassment and hostile work environment to which Plaintiff was subjected during the course of her employment with BB&T.

67. Defendant knew or should have known about the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment with BB&T.

68. Defendant failed to take prompt, remedial action to eliminate the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment with BB&T.

69. The discrimination, harassment, hostile work environment, retaliation and termination to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

70. Plaintiff's medical conditions and/or disability was used by Defendants as a negative factor in Defendant's decision to transfer Plaintiff from the BB&T Doylestown branch to the BB&T Jenkintown branch.

71.     During the course and scope of Plaintiff's employment she was subjected to ongoing antagonism as a result of medical conditions and/or disability.

72.     Defendant's aforementioned conduct and treatment of Plaintiff would discourage other employees from exercising and/or attempting to exercise their rights under the ADA.

73.     During the course and scope of her employment, Plaintiff was treated less favorably than other similarly situated employees who did not have a serious medical condition or disability as defined by the ADA, 42 U.S.C. §12101, *et seq.*

74.     The conduct of Defendants' treatment of Plaintiff in her employment, constructive discharge and retaliation violated the ADA, 42 U.S.C. §12101, *et seq.*, as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon her serious medical condition and/or disability, and her request for a reasonable accommodation for her medical conditions and/or disability.

WHEREFORE, Plaintiff, Christina M. O'Neil, seeks a determination that Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* and requests all damages and relief permitted under the ADA, including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such further relief as this Court deems just and fair.

**COUNT II**
**CHRISTINA M. O'NEIL V. BB&T BANK a/k/a BRANCH BANKING AND TRUST CO.**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

75.     Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

76. Defendant discriminated against Plaintiff because of her serious medical conditions and/or disability by subjecting Plaintiff to a hostile work environment, harassment, retaliation and constructive discharge because of her medical condition and/or disability and refused to consider Plaintiff's request for a reasonable accommodation or provide Plaintiff with a reasonable accommodation in violation of the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*

77. Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment as Defendants allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation on the premises of BB&T as set forth above.

78. The conduct of Defendant's treatment of Plaintiff in her employment, constructive discharge and retaliation violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon her serious medical condition and/or disability, and her request for a reasonable accommodation for her medical conditions and/or disability.

WHEREFORE, Plaintiff, Christina M. O'Neil, seeks a determination that Defendants violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such further relief as this Court deems just and fair.

Respectfully submitted,

BY:

MARC A. WEINBERG, ESQUIRE
Attorney for Plaintiff
P.A. I.D. 60643
815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046
(215) 576-0100
mweinberg@saffwein.com

Dated:  10/12/2020

# EXHIBIT A

EEOC Form 181 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Christina O'Neil**<br>**1832 Horace Avenue**<br>**Abington, PA 19001** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

| | | |
|---|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
| EEOC Charge No.<br>**530-2019-04767** | EEOC Representative<br>**Legal Technician** | Telephone No.<br>**(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*                                   August 3, 2020

Enclosures(s)

**Jamie R. Williamson,**                        *(Date Mailed)*
**District Director**

cc:  **Ferhana Ali**                                   **Robert P. Maizel, Esq.**
**Associate Regulatory Risk Manager, Legal**          **SAFREN & WEINBERG**
**Department**                                          **815 Greenwood Ave**
**BB&T**                                                **Suite 22**
**2200 Wilson Boulevard**                               **Jenkintown, PA 19046**
**Suite 200**
**Arlington, VA 22201**

RECEIVED
AUG 06 2020
BY:_____